## PHILLIPS v. INTERNATIONAL HARVESTER COMPANY OF AMERICA.

Plaintiff alleged that defendant harvester company maintained agencies throughout the state, and that one H. was an agent, whose duties included the furnishing of teams to carry defendant's traveling representatives to different points in the adjoining county; that plaintiff was employed by defendant's general agent and manager, who directed plaintiff to go to H. and obtain a team to make a necessary trip into the country; that plaintiff applied to H. for a team without knowledge of its viciousness; and that H. turned the team over to a driver, who undertook to make the trip, during which the team became balky, ran away, and injured plaintiff, to his damage, etc. The complaint also charged that defendant through its agent had knowledge of the dangerous habits and character of the team in question. **Held,** that the complaint was fatally defective, both for failure to allege that the injury was caused by defendant's failure to notify plaintiff of the vicious disposition of the team, or by any negligence on the part of the driver, and also for failure to show that plaintiff, having been employed by the general agent and manager of defendant, and not by defendant, was one of the class of persons to whom H. was required to furnish teams.

Where a complaint for injuries to plaintiff by the viciousness of a team furnished by defendant's local agent for plaintiff's accommodation charged that such local agent was not a superior servant of plaintiff and had no control or authority to direct plaintiff in the performance of his duties, the local agent could not be regarded as a vice principal.

(Opinion filed, July 8, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by A. P. Phillips against the International Harvester Company of America. From an order sustaining a demurrer to plaintiff's complaint, he appeals. Affirmed.

*S. H. Wright,* for appellant.

A vice-principal is one to whom an employer delegates the duties the law imposes on him, and the employer is responsible because the duty is his own. Durkin v. Kingston Coal Co., 33 Atl. 238; Pierce v. Oliver, 47 N. E. 489. The satisfactory evidence of a vice-principalship is his supervision, control and subjection to his orders and directions. New Omaha Thompson-Houston Electric Light Co. v. Baldwin, 87 N. W. 27-31. A vice-principal, for whose negligence an employer will be liable to other employees must be one to whom he delegated a duty of his own which is a direct personal and absolute obligation, from which nothing but performance can relieve him. Lewis v. Seifert, 11 Atl. 514; Prevost v. Citizen Ice & Refg. Co., 40 Atl. 88; Casey v. Pennsylvania Asphat Paving Co., 47 Atl. 1130; Johnson v. Western, N. Y. & P. Ry. Co., 49 Atl. 794.

*Bates & Parliman,* for respondent.

It does not appear from the complaint what caused the team to run away. It is not alleged to have been because of vicious disposition, hence might have been (consistently with the complaint) accidental from some cause for which neither Hove nor the defendant is responsible. Thompson on Negligence, (2d Ed.) Vol. 4, Sec. 3774 and note; Del. Sij Nore v. Halliman, 47 N. E. 308; McGrell v. Buffalo Office Building Company, 47 N. E. 305. If in the prosecution of a lawful act, a casualty purely accidental happens and one which cannot be ascribed to any want of care or skill, on the part of the party sought to be made liable therefor, no matter how grievous, no action can be supported for the damage raising therefrom. Thompson on Negligence, Vol. 1 (2d Ed.) Sec. 14; Brown v. Collins, 53 N. H. 442; Losee v. Buchanan, 51 N. Y. 479; Nitro-glycerine case, 15 Wall. 524; Steen v. Williamson, 28 Pac. 53; Greggs v. Fleckenstein, 100 Am. Dec. 199; Turner v. Buchanan, 42 Am. Rep. 484. An employe who is injured in consequence of a mere accident, such as does not impute negligence

to the master, cannot recover damages for the injury. Thompson on Negligence, Vol. 5 (2d Ed.) Sec. 5358. A general agent has authority to employ the plaintiff in behalf of the defendant, the complaint should, if it alleges an employment by the defendant through an agent, allege the authority of the agent in the premises. It is not sufficient to allege that the agent employed the plaintiff on behalf of the defendant or as agent of the defendant. Am. & Eng. Enc. of Pl. & Pr. Vol. 16, p. 899-900 and cases cited. Oxford v. Turner, 24 N. Y. S. 793.

CORSON, J. This is an appeal by the plaintiff from an order sustaining a demurrer to his complaint. The complaint is as follows: "The plaintiff, complaining of the defendant, says: (1) That the defendant, International Harv. Co. of America, a corporation, now is, and at all of the times hereinafter mentioned was, a corporation duly organized and existing according to law, and as such corporation it was, and now is, in the business of manufacturing, buying, selling and handling harvesting and other farm machinery and had and maintained a general agency at Sioux Falls, Minnehaha county, S. D. (2) That at divers points in South Dakota and elsewhere said defendant had maintained local agents and distributing points for carrying out the purposes and objects of its business, and, among other places at which it had a local agent for handling its machinery and looking after the sale thereof, the repair of machinery sold by it and through its agents, and also the collection of its notes, accounts, and other indebtedness, it had and maintained an agency at Flandreau, in Moody county, S. D., of which one Ole Hove was the agent, and, among other duties imposed on said agent, Ole Hove, it was part of his business, duty, and employment to furnish teams for the taking of the traveling representatives of said defendant to different points in and adjacent to Flandreau in said county and state, and all other near-by territory. (3) That on or about the 23d day of July, A. D. 1904, this plaintiff was employed by the general agent and manager of the defendant corporation to proceed from Sioux Falls to Flandreau, and to go into the country from there to look after and attend to certain of its business, and that such general agent and manager

directed this plaintiff to go to said Ole Hove, its said agent at Flandreau, and obtain from him a team of horses for the purpose of making the necessary trip into the country; that this plaintiff was unadvised and had never known of the character and nature of said team of horses, and, acting upon the presumption that they were perfectly safe and gentle, proceeded in accordance with the said employment and went to said Flandreau and to said Ole Hove, the agent as aforesaid of said defendant corporation, and the said Ole Hove turned the said team of horses over to a driver, who undertook to drive them into the country with this plaintiff, and that while on said trip said team became balky, ran away, and from their violent conduct in the premises threw this defendant out of the vehicle in which he was riding, and that, by reason thereof, he was seriously and permanently injured in his head and chest, from the effects of which he has never recovered, and that, by reason of the premises, he sustained damages in the sum of $2,500, and, in addition thereto, was compelled to expend the sum of $65 in medical and other necessary expenses, no part of which sum has been paid; that said team of horses were well known to said agent, Ole Hove, and to the defendant, to be dangerous in the extreme, they having frequently run away prior to that time, and, as before stated, this plaintiff was unadvised and did not know of their dangerous habits and condition, and plaintiff further alleges, as hereinbefore stated, that it was part of the business of said Ole Hove, by virtue of his agency and employment by the defendant, to furnish teams and conveyances for the transportation of the employees of said defendant in the discharge of their duties in the matters and things hereinbefore mentioned, and that said Ole Hove was not a co-employe nor fellow servant of this plaintiff, but their duties were wholly different in all respects. Wherefore plaintiff demands judgment against the defendant for the sum of $2,565, together with the costs and disbursements of this action."

It is contended by the respondent in support of the ruling of the court below in sustaining the demurrer that the complaint fails to charge any duty devolving upon the defendant to furnish a safe team to the plaintiff, or to state any facts upon which such a duty can be predicated; that, if a duty was owing to the plaintiff by the

defendant, the complaint fails to charge the defendant with negligence or failure to observe that duty; that if there was a duty and defendant was negligent in the performance of it, under the facts disclosed in the complaint, the plaintiff cannot recover as the duty if any was to advise the plaintiff that the team had theretofore ran away, and the failure to so advise him must be the proximate cause of the injury upon which the right of action is based; that it does not appear from the complaint what caused the team to run away; that it is not alleged to have been because of the vicious disposition of the team, hence it does not affirmatively appear from the complaint that the failure of the defendant to notify the plaintiff of the character of the team was the proximate cause of the injury; that the plaintiff alleges an employment not by the defendant, but by the general agent of the company at Sioux Falls; that it is not alleged that the injury was caused by reason of any negligence on the part of the driver, or that the driver was employed directly or indirectly by the defendant. It will be observed that it is not alleged that the injury was caused by the failure of the defendant to notify the plaintiff of the vicious disposition of the team or any negligence on the part of the driver or of the defendant in the action, or that the defendant failed to perform any duty imposed upon it.

The plaintiff in his reply brief takes the position that a safe team and vehicle were in legal contemplation necessary articles which the master should furnish the servant to use in the performance of his duties, and if the team was to the knowledge of the master or vice principal dangerous and unsafe, and the employe or servant was not aware thereof, and that the action of such dangerous team resulted in the injury to the servant or employe, the master would be responsible unless he or his vice principal had, prior to the injury, informed such servant or employe that the team was dangerous. There would be force in this contention if there was an allegation in the complaint directly alleging that it was the duty of the defendant to furnish the plaintiff with a safe and suitable team with which to make his trips into the country, and that duty was imposed upon the agent as a vice principal, but as before stated the complaint contains no such allegation. It will

be further observed that in the complaint no negligence is charged on the part of the driver or the defendant which resulted in the injury to the plaintiff.

It will be further noticed that it is alleged in the complaint that the plaintiff was employed, not by the defendant, but by the general agent and manager of the defendant. If he was employed by the general agent and manager, and not by the defendant, he was not one of the class of persons to whom it is alleged the local agent was required to furnish teams. If it was intended by the plaintiff to allege that he was employed by the defendant, it should have been so stated in the complaint, and the statement that he was employed by the general agent negatives his employment by the defendant. 16 Am. & Eng. Pl. & Pr. 899, 900.

The contention of the appellant that the local agent at Flandreau was in the position of a vice principal in this transaction can hardly be sustained under the allegations of the complaint as the local agent was not a superior servant of the plaintiff, nor. did he have any control or authority to direct the plaintiff in the performance of his duties.

It is quite clear, therefore, that in the absence of an allegation that it was the duty of the defendant to furnish a safe and suitable team for the use of the plaintiff, and that the injury was the proximate result of the negligence of the defendant or of some one acting as vice principal in place of the defendant or authorized to bind it, the plaintiff would not be entitled to recover under the allegations of the complaint.

The order of the circuit court sustaining the demurrer is affirmed.

HANEY, P. J., concurs only in the conclusion that the order appealed from should be affirmed.